**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD K. HART,

Plaintiff-Appellant,

v.

No. 97-2472

MICHAEL W. ROGERS; TOWN OF
WILKESBORO, NORTH CAROLINA,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CA-94-16)

Submitted: April 28, 1998

Decided: June 16, 1998

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Wm. Bynum Marshall, Sparta, North Carolina; John E. Hall, Wilkes-
boro, North Carolina, for Appellant. Allan R. Gitter, Tyrus V. Dahl,
Jr., WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C.,
Winston-Salem, North Carolina; William C. Gray, Jr., FERREE,
CUNNINGHAM & GRAY, P.A., Wilkesboro, North Carolina; Wil-
liam F. Brooks, Wilkesboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Richard Hart appeals from the district court's order accepting the report and recommendation of a magistrate judge and granting the Defendants' motion for summary judgment on his complaint filed pursuant to 42 U.S.C. § 1983 (1994), and declining to exercise jurisdiction over his state law claims. On appeal, Hart alleges that Defendant Rogers, a police officer, used excessive force in arresting him, that Rogers was not entitled to qualified immunity, and that the record supported his state law claims. Finding no reversible error, we affirm.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, we must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted Defendants' motion.

The essential facts of this case are undisputed. Hart, his girlfriend, and his uncle consumed several beers the day prior to the incident in question.[1] The trio also consumed half of a half gallon container of liquor. Hart and his girlfriend consumed the remainder of the liquor

_____

[1] The record discloses that Hart was arrested for drunk driving at one point during the day and was arrested again later that evening following an altercation at a convenience store where the clerk refused to sell him more beer. Hart was released after both arrests.

the next morning. Shortly after finishing the liquor, Hart and his companions proceeded to a local shopping mall. There, witnesses observed Hart fall down an embankment at least twice.

Sergeant Hunt was the first officer to arrive at the scene, and Rogers arrived a short time later. After efforts to call a cab failed, Hunt decided to take Hart and his girlfriend to the jail until they sobered up.[2] Hunt placed Hart's girlfriend in his vehicle, and Rogers took Hart.[3] By this time, Hart was swearing profusely. As Rogers was placing Hart into his vehicle, Hart, who was significantly taller than Rogers, glared down at Rogers, swore at him, said he was not going back to jail, shoved Rogers in the chest, and began to flee toward the mall. Rogers staggered briefly and gave chase.[4] When Rogers caught up to Hart, he wrapped his arms around Hart's waist in a "bear hug." Hart continued to squirm in an effort to get away. Eventually, both men fell to the ground, with Rogers' arms still wrapped around Hart's waist. Hart hit his head on the pavement and received minor injuries. Upon seeing Hart's injuries, Rogers immediately summoned for medical assistance.

Hart filed a complaint under § 1983 alleging that Rogers used excessive force because he intentionally threw Hart to the ground. Rogers, however, claimed that he lost his balance in the struggle and both men fell to the ground accidentally. Contrary to Hart's allegations, this does not create a genuine issue of material fact. We review Hart's excessive force claim to see if Rogers' actions were "objectively reasonable" in light of the circumstances existing at the time of the incident. See Graham v. Connor, 490 U.S. 386 (1989); Martin v. Gentile, 849 F.2d 863, 869 (4th Cir. 1988). Often, as here, these circumstances involve split-second decisions made under stressful conditions. Rogers was faced with an intoxicated and belligerent individual, who was significantly taller than he was, had just shoved him and fled toward a shopping mall, and who refused to calm down

_____

[2] It appears from the record that Hart's uncle was no longer intoxicated.
[3] Neither person was handcuffed.
[4] The chase was brief due to Hart's intoxication, lasting only about forty to fifty feet. Hunt also observed the shove and gave chase, but he tripped and fell after three or four steps.

after Rogers grabbed him around the waist. Even assuming Rogers intentionally threw Hart to the ground, we find that a reasonable officer in Rogers' position might find it necessary to tackle such a suspect.[5] Accordingly, the district court correctly granted summary judgment on Hart's excessive force claim.

We further find that the district court properly granted summary judgment on the basis of qualified immunity.[6] It is well-settled that police officers performing discretionary functions are shielded from civil liability as long as their actions are not clearly prohibited by law. See McLenagan v. Karnes, 27 F.3d 1002, 1006 (4th Cir. 1994); Slattery v. Rizzo, 939 F.2d 213, 216-17 (4th Cir. 1991). We find no such prohibition here. Police officers are entitled to subdue a suspect who flees and resists arrest.

Finally, since the district court properly disposed of Hart's federal claims, we find that it did not abuse its discretion by refusing to exercise jurisdiction over his pendent state claims. See Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) (federal district courts have wide discretion concerning whether or not to address state law claims after federal claims are dismissed).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[5] We note that once Hart was on the ground no further force was used.

[6] We reject Hart's contention that the state has waived qualified immunity to the extent of insurance coverage pursuant to N.C. Gen. Stat. § 160A-485 (1994). This statute waives sovereign immunity in certain cases, not qualified immunity.

4